HYER v. The WAVE. See Case No. 17,297.
HYER (The WAVE v.). See Case No. 17,300.

---

## Case No. 6,980.

### HYLTON v. BROWN.

[1 Wash. C. C. 204.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1804.

EJECTMENT—RIGHT OF POSSESSION—TITLE OUT OF PROPRIETARY.

1. In an ejectment, the plaintiff must show, and it will be sufficient for him to show, a right of entry; or, in other words, a right of possession.

[Cited in Lair v. Hunsicker, 28 Pa. St. 123.]

2. If plaintiff proves twenty years' possession, or the seisin of his ancestor, and a descent cast, it is a sufficient prima facie title; and the defendant can only succeed, by showing a better right in himself, or out of the plaintiff.

3. If the plaintiff shows a right of possession in himself, it is sufficient against every person, but the proprietary; or one claiming under him.

4. In an ejectment, the plaintiff, who has shown title in himself, is not bound to show the title to the same land, to be out of the proprietary.

5. If a defendant rely upon the original title of the proprietary, he must show it to be a subsisting title, either in the proprietary, or in himself, claiming under the proprietary.

[Cited in Bank of U. S. v. Voorhees, Case No. 939.]

[This was an action at law by Hylton's lessee against Brown.]

A rule was obtained at the October term, in 1803, to set aside the nonsuit entered in this cause; and the question now came on to be argued.

WASHINGTON, Circuit Justice. During the vacation, I have considered this question; and I am now satisfied, that the court was wrong, in ordering the nonsuit. I permitted my judgment to be influenced, more than it ought to have been, by the nisi prius

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

opinion of the chief justice of this state, as reported by Mr. Dallas. I think, that in an ejectment, the plaintiff must show, and it is enough for his purpose, if he does show a right of entry; or, in other words, a right of possession. If he prove twenty years' possession, or the seisin of his ancestor, and a descent cast, it is in general sufficient, prima facie, unless the defendant show a better right. But, the defendant may succeed, by showing a better right in himself; or, by showing it out of the plaintiff. But, is it sufficient for the defendant to show an original title in the proprietary? If the plaintiff show a right of possession in himself; this, I think, is certainly sufficient against every person, but the proprietary. If the defendant rely upon the original title of the proprietary, he must show it to be a subsisting title, either in the proprietary, or in some one claiming regularly under him. I admit the rule, as laid down in the case cited, to be correct, if the suit be against the proprietary, or one claiming under him; but not otherwise. Nonsuit set aside.

NOTE.—This opinion requires some explanation; for, though it seems to be correct, as applied to the very case before the court; yet, the principles seem to be laid down too general. It is, I think, quite clear, that the plaintiff must show a right of entry; that is, his right of entry must not be taken away. If he prove twenty years' uninterrupted possession, or possession in his ancestor, and a descent cast; his title must prevail against a complete paper title in the defendant, or any third person. Salk. 421, 685; 2 Esp. 431; 1 Ld. Raym. 741. But, still this title is not conclusive. For instance; the defendant may defeat it, by showing, that the plaintiff's possession had not been adverse; that he and the defendant claim under the same title; that the ancestor of the plaintiff had not possession for five years, under the statute Hen. VIII., and so on. So the defendant may set up a better title in himself: as for instance; a deed from the plaintiff himself to the defendant, or, as in the very case under consideration, that the estate of the plaintiff had been legally confiscated by the state, and his title passed to the defendant, or to some other person. 3 Esp. 433–435, 437. In all these cases, the right of entry in the plaintiff, is only prima facie evidence of his title; but it is sufficient to drive the defendant to disprove the title thus shown, or to show a better some where else. In short, wherever the defendant claims under the plaintiff's title, the possession of the plaintiff cannot be said to be adverse; and, of course, his right of entry, though prima facie good, may be repelled. But, if the defendant does not claim under the title of the plaintiff, the right of entry in the latter will prevail over that of the defendant, however valid it might be in case a writ of right had been brought. In this case, Hylton proved a right of entry, and the title of the defendant, was under an act of confiscation against Griswold, under whom Hylton claimed. It was, therefore, unnecessary to show the title out of the proprietary, in this suit; though it might have been, had the suit been against the proprietary, or against a tenant of his, which is the meaning of the expressions in the opinion, "those claiming under the proprietary." For, admit the proprietary entitled to the benefit of the maxim of nullum tempus, &c., though he and his tenant would be privileged against twenty years' possession, or a descent cast; yet, a third person would not. See Runn. Ejectm. 59, 63. And these cases

clearly show, that except against the king, or his tenant, the plaintiff is not bound to show the title out of the king. Nor can I find any special verdict in the books, where this is done. But, I am not so clear, that the principle does apply to the proprietary; and, if it does not, then there is no difference whether the ejectment is against him, or a stranger. Perhaps this principle may be incorporated into the common law of Pennsylvania; and, if so, it ought to govern this court. It applies. I presume, to the commonwealth. But, for the reasons above given, I do not think it necessary to show the title out of the commonwealth, in a suit against a person resting merely on his possession, or not claiming as tenant of the commonwealth; for, though a right of entry cannot be gained against the commonwealth, it may against third persons. I think, however, that it was unnecessary for the court to go further, than to say, that, in this case, it was sufficient for the plaintiff to prove a right of entry; and that it was not necessary to show the title out of the proprietaries. thus avoiding the question, as to the privilege of the proprietary, in case he was defendant. W.

[See Cases Nos. 6,981 and 6,982.]